UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVID SMITH, individually and on behalf of all others similarly situated** § § § | Docket No. _____ |
| **Plaintiff,** § § | |
| **vs.** § § § | **JURY TRIAL DEMANDED** **COLLECTIVE ACTION** |
| **M-I, L.L.C. d/b/a MI SWACO** § § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.   David Smith (hereinafter "Plaintiff" or "Smith") brings this lawsuit to recover unpaid overtime wages and other damages from M-I, L.L.C., d/b/a MI SWACO ("MI SWACO" or "Defendant"), a Schlumberger Company[1], for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Smith overtime, Defendant paid all of its Production Technicians a base salary. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

2.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question based on violations of the FLSA.  *See* 29 U.S.C. § 216(b).

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the relevant events occurred in this District and Division.

---

[1]   MI SWACO was a joint venture of Schlumberger and Smith International until 2010 when it acquired and merged with Schlumberger.  *See* http://www.ogfj.com/articles/2010/02/schlumberger_-smith.html

## PARTIES

4.      Smith was a Production Technician who was employed by MI SWACO during the relevant statutory time period. He worked within this District and Division. His written consent to this action is attached at Exhibit A.

5.      The Putative Class consists of **all Production Technicians employed by MI SWACO in the past 3 years**. Smith is a member of the Putative Class.

6.      M-I, LLC, d/b/a MI SWACO, a Schlumberger Company, may be served by serving its registered agent - National Registered Agents, Inc., 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## FLSA Coverage

7.      MI SWACO was and is an employer of Production Technicians within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d). It employed, paid, supervised, and controlled, Smith and the Putative Class.

8.      MI SWACO was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9.      At all times hereinafter mentioned, MI SWACO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Smith and the Putative Class Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. MI SWACO was wholly acquired and merged into Schlumberger in 2010. (NYSE:SLB). While MI SWACO provides a variety of services and devices, this lawsuit relates to production services provided by MI SWACO to mitigate problems that may jeopardize the production of oil and gas.

12. In this regard, over the statutory time period, Defendant employed numerous Production Technicians throughout the United States of America. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

13. Production Technicians' primary job duties include checking leases, checking oil wells, manually rigging up oil field equipment, maintaining pipelines, collecting water samples, treating and cleaning water for use in the drilling process, and rigging down oil field equipment.

14. Production Technicians conduct their day-to-day activities within designated parameters and in accordance with predetermined specifications. Their activities are routine and largely governed by standardized plans and checklists created by Defendant and/or its clients. Every element of the Production Technicians' job is predetermined for them by Defendant and/or its clients, including the tools to use at a job site, the treatment plans to use, and the schedule of work and related work duties.

15. Production Technicians' job functions are primarily manual labor/technical in nature, requiring little to no official training. Likewise, college education is not required to be a Production Technician for Defendant.

16. Smith and other Production Technicians did not have the ability to hire or fire any employees. Further, Smith and other Production Technicians did not supervise other employees of Defendant.

17. Smith was a blue-collar employee. He relied on his hands, physical skills, and energy to perform manual labor for MI SWACO.

18. His duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

19. All of Defendant's Production Technicians worked similar hours and were denied overtime as a result of the same illegal pay practice. All of Defendant's Production Technicians regularly worked in excess of 40 hours each work week. For instance, Smith regularly worked in excess of 80 hours each week. Instead of being paid hourly, Production Technicians were paid a base salary. No matter how many hours these individuals worked in excess of forty hours a week, they were not paid overtime compensation.

**FLSA VIOLATIONS**

20. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

21. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Smith and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to their Production Technicians was

neither reasonable, nor in good faith. Accordingly, Smith and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

22. As the controlling law makes clear, the manual labor/technical duties performed by Smith (and those similarly situated to them) are *non*-exempt work. Therefore, MI SWACO owes back overtime wages to hundreds of their Technicians, all of whom work long hours each workweek.

23. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Smith and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Smith is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

24. The Putative Class Members all received a base salary, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Smith in terms of job duties, pay provisions, and employment practices.

25. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Smith's experiences are typical of the experiences of the Putative Class Members.

26. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job

requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

27. Smith demands a trial by jury.

## RELIEF SOUGHT

28. WHEREFORE, Plaintiff prays for the following relief against MI SWACO:

   a) An order certifying this case as a collective action;

   b) An order finding MI SWACO liable for unpaid back wages due to Plaintiff and those similarly situated and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   c) An order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   d) An order awarding Plaintiff and those similarly situated their attorneys' fees;

   e) Judgment awarding Plaintiff and those similarly situated unpaid benefits, compensation, attorney's fees, expenses, and costs, in connection with the FLSA violations;

   f) An order and judgment awarding Plaintiff and those similarly situated pre- and post-judgment interest at the highest rates allowed by law;

   g) An order and judgment granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
State Bar No. 24056278
rschreiber@mybackwages.com
Andrew Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**