IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § § § § § § § § § | 5-17-CV-00788-FB-RBF |
| *Plaintiff*, | | |
| vs. | | |
| M-I, LLC, D/B/A MI SWACO; | | |
| *Defendant*. | | |

# **MEMORANDUM AND ORDER**

Before the Court is Plaintiff David Smith's Motion for Conditional Certification and Memorandum of Law in Support. Dkt. No. 17. This Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, putative collective action was referred to the undersigned for disposition of all pretrial matters, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Esparza v. C&J Energy Servs., Inc.*, No. 5:15-CV-850-DAE, 2016 WL 1737147, at *1 (W.D. Tex. May 2, 2016) (noting conditional certification involves non-dispositive issues).

Having considered the Motion, Dkt. No. 17, the Response filed by Defendant MI-LLC, d/b/a MI Swaco (referred to here as "MI"), Dkt. No. 19, Plaintiff's Reply, Dkt. No. 25, the relevant law, and the pleadings, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Conditional Certification. Dkt. No. 34. Even applying the most lenient standard, Plaintiff has failed to show certification of a national class is warranted at this stage.

**I.    Background**

Plaintiff David Smith initiated this action against MI on behalf of himself and all others similarly situated, seeking to recover unpaid overtime compensation under the FLSA. MI is part of Schlumberger Ltd., a proclaimed "oilfield services giant" that employs nearly 100,000 people. *See* Compl. ¶1 (incorporating by reference http://www.ogfj.com/articles/2010/02/schlumberger_-smith.html). According to Smith, MI employed him as a production technician from approximately October 2012 to February 26, 2015. *Id.* ¶ 16; *see also* D. Smith Decl. ¶ 2. In that role, he spent "most of [his] time traveling to MI's client's well site locations" performing the following duties using MI's equipment and tools:

> routine testing and analysis on samples of various oilfield materials (such as water, oil, scale, and corrosion build up), treating MI's client's well with pre-ordered chemicals, operating, running and reading MI's equipment, tools, and supplies as needed for the job, and checking and performing maintenance on the equipment, tools, and supplies, checking leases, checking oil wells, manually rigging up oil field equipment, maintaining pipelines, collecting water samples, treating and cleaning water for use in the drilling process, digging ditches, and rigging down oil field equipment.

D. Smith Decl. ¶ 5. These duties, according to Smith, were "routine, technical, physical, and largely manual in nature," were performed either outside at the oil well or in the lab testing samples, and did not require a degree or any advanced training. *Id.* ¶ 6. Smith alleges MI paid him a salary and "did not always pay [him] overtime for hours that [h]e worked in excess of forty (40) hours in a workweek" *Id.* ¶ 3. "Based on the [ ] experience [he] ha[s] working at MI, routine conversations with other MI employees, including production technicians, and [his] supervisors and managers at MI, and [his] familiarity with MI's equipment, software forms, and payroll practices," Smith attests that he "know[s] that all of MI']s production technicians performed well services in the same or similar manner while using the same or similar equipment and tools." *Id.* ¶ 8. He also swears that "all production technicians have been uniformly paid a salary and no

overtime regardless of the level of expertise required to perform the job, or any other factor." *Id.* To date only one individual, Greg Smith, has opted-in to this suit. *See* Dkt. No. 12.

Plaintiff now moves to conditionally certify a class of "[a]ll current and former production technicians employed by [MI] during the last three years." MI opposes certification, arguing that: (1) Plaintiff has failed to provide sufficient evidence to support certifying a nationwide class; (2) the job of a production technician (referred to by MI as "PT Specialist") varied by assignment and customer and some of the putative class members may be exempt from the FLSA's overtime requirements; (3) some production technicians waived their rights to participate in collective actions; and (4) Plaintiff has failed to show that there are other eligible individuals interested in joining this action.

## II.   Analysis

*Legal Standard for Conditional Certification.* The FLSA permits lawsuits against employers on behalf of individual plaintiffs or as collective actions on behalf of others who are "similarly situated." *See* 29 U.S.C. §§ 215-16. Establishing through conditional certification that others are "similarly situated" facilitates notice to potential class members and provides them instructions for joining the action. This notice and opportunity to join are considered appropriate because, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions proceed on an "opt-in" rather than an "opt-out" basis. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); *see also Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); 29 U.S.C. § 216(b). District courts enjoy discretion to decide whether and how to issue notices for potential plaintiffs to opt-in to FLSA collective actions, *see, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010), and to modify proposed classes if, for

example, they are overly broad, *see Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931-32 (5th Cir. 2005).

The Fifth Circuit has used two approaches to the "similarly situated" question for FLSA collective actions. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-24 (5th Cir.1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One uses Rule 23, as discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The other involves a two-stage conditional certification process. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Although the Fifth Circuit has not definitively adopted either approach, the majority of lower courts in the circuit use the *Lusardi* approach, and the Court will do so here. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino*, 716 F. Supp. 2d at 646 (collecting cases).

*Lusardi*'s two stages are: (1) the notice stage, and (2) the decertification stage. *See Sandoz*, 553 F.3d at 915 n.2. The initial notice-stage inquiry is at issue here.

"Because the court has minimal evidence" at the notice stage, the notice-stage conditional-certification "determination is made using a fairly lenient standard[] and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214 n. 8. The inquiry is essentially limited to the pleadings and any supporting affidavits. *Hernandez v. Robert Dering Constr., LLC*, 191 F. Supp. 3d 675, 680 (S.D. Tex. 2016). Courts look for whether aggrieved individuals are similarly situated "in relevant respects given the claims and defenses asserted," which typically "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 & n.8 (internal quotation marks omitted); *Tolentino*, 716 F. Supp. 2d at 647.

4

Although a plaintiff's burden at the notice stage is "not onerous, neither is it invisible." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008); *see also Ali v. Sugarland Petroleum*, No. 4:09–cv–0170, 2009 WL 5173508, at *5 (S.D. Tex. Dec. 22, 2009) ("Although the standard at this stage is lenient, it is not automatic.") (quotations omitted). "[A]t the notice stage, the plaintiff must [still] make a preliminary factual showing that he is 'similarly situated' to the other employees named in his proposed class." *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016) (citing *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009)). In wage and hour cases, such as this one, plaintiffs must show that proposed class members are both "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Id.* (citing *Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 996 (E.D. Tex. 2011) and *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010)). Courts have also required a showing that other aggrieved individuals want to opt-in to the lawsuit. *See, e.g., Tolentino*, 716 F. Supp. 2d at 647; *Ali*, 2009 WL 5173508, at *2.

*National Conditional Certification*. Smith has failed to sufficiently make the "modest factual showing" required for national conditional certification. *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012). "Even under the most lenient standard, where different locations are implicated, a plaintiff must submit affidavits from other employees alleging that they worked at different locations and were subject to a similar overtime policy."[1] Although the exact geographic scope of the putative class is unclear

---

[1] *Blake v. Hewlett-Packard Co.,* No. 4:11-CV-592, 2013 WL 3753965, at *12 (S.D. Tex. Jul. 11, 2013) (quotation marks omitted) (finding that two declarations—from a single office and including a single opt-in plaintiff—were "simply too meager to support conditional certification on a nationwide scale" under an intermediate standard); *see also Ali*, 2009 WL 5173508, at *5 n. 4 ("to allege a common policy at the notice stage, Plaintiff simply needs to submit affidavits

from the record, it is sufficiently clear from the record that more than one location is implicated by the request for conditional certification. The complaint alleges that "over the statutory time period, Defendant employed numerous Production Technicians throughout the United States of America." Compl. ¶ 12. To justify conditional certification, therefore, the Court must be able to substantiate Smith's allegation that he was similarly situated with other Production Technicians working at other locations across the nation. The motion for conditional certification fails in this regard.

To substantiate his allegations of similarity between himself and the members of the proposed putative class, Smith provides his own declaration, an identical declaration from opt-in Plaintiff Greg Smith, and pay stubs for each. But neither affidavit explains where each plaintiff was geographically based and what other locations or clients (if any) each visited. MI, for its part, asserts (and Plaintiff does not dispute) that both individuals were based in Pleasanton, Texas. Resp. at 11-12. MI has also submitted evidence indicating that a production technician's job duties vary by client operations and the particular client-service agreement. Exs. 1 & 2 to Resp. While MI's evidence is not dispositive here (indeed, it is scant at this early stage), Plaintiff Smith and opt-in Plaintiff Greg Smith's generic assertions that they have knowledge of the job duties and pay practices of *all* MI production technicians based on "routine conversations" with other employees is insufficient, particularly in light of the potential size and scope of the putative class and admissions from Plaintiff and Greg Smith that production technicians work in "remote

---

from other employees alleging that they worked at different locations and were subject to a similar overtime policy"). Only where there is a "reasonable basis to conclude that the same policy applies to multiple locations of a single company . . . [is] . . . certification . . . appropriate." *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015) (quotation marks omitted) (limiting class certification to plug technicians dispatched out of defendant's Midland and Searcy facilities, because plaintiff failed to produce any evidence that a comprehensive, company-wide compensation plan existed beyond these two facilities).

locations." In sum, Plaintiff has failed to submit sufficient evidence for the Court to conclude his knowledge of MI's practices is not limited to Pleasanton, Texas. Accordingly, without declarations from others who worked at other locations explaining their job duties and payment provisions or, at minimum, more specific allegations from Plaintiff to allow the Court to conclude the policies in Pleasanton, Texas applied at other MI locations and projects, national certification is inappropriate.[2]

All of this is not to say that the putative class members could *never* be found similarly situated. It is well-established that "similarly situated" need not mean "identical" for purposes of conditional certification and "[s]light differences in job duties or functions do not run afoul of the similarly situated requirement." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. May 7, 2017) (quoting *Tolentino*, 716 F. Supp. 2d at 651). Smith has produced evidence indicating that both he and opt-in Plaintiff traveled to various production sites to perform testing and analysis of water and other materials and chemically treated wells where needed. To the extent he could provide evidence indicating that production technicians *across MI's locations and clients* performed similar duties, this might suffice for conditional certification. *See Mathis*, 2016 WL 4533271, at *2. That some production technicians may have

---

[2] *See, e.g., Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-cv-1831, 2013 WL 5372529, at *6 (S.D. Tex. Sept. 24, 2013) (declining to conditionally certify class of regional gold buyers located throughout the states of Texas, Colorado, and California where plaintiffs failed to submit a single affidavit from even one gold buyer employed outside Harris County, Texas); *Rueda v. Tecon Servs., Inc.*, No. CIV. A. H–10–4937, 2011 WL 2566072, at *4-6 (S.D. Tex. Jun. 28, 2011) (denying nationwide certification where plaintiff failed to submit evidence of pay practices throughout the country and collecting cases); *cf. Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (where "actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis").

performed these services at traditional drilling wells as opposed to fracking wells or may have had different levels of expertise appears to be a minor variance.[3]

Nor is the fact that production technicians may have driven different sizes of trucks or had slightly different levels of autonomy so as to *potentially* implicate the administrative and Motor Carrier Act exemptions dispositive at this stage. *See Snively v. Peak Pressure Control*, 174 F. Supp. 3d 953, 960 (W.D. Tex. Feb. 29, 2016) ("[T]he various defenses available to Defendants, which appear to be individual to each plaintiff, are more appropriately considered at the second stage of the *Lusardi* inquiry."). These types of arguments are typically not well-made in connection with conditional certification. *See Jones v. Cretic Energy Sers., LLC*, 149 F. Supp. 3d 761, 774 (S.D. Tex. 2015) (noting, "exemptions are merits-based defenses to FLSA claims that courts in this district typically hold to be irrelevant at this initial, notice stage of this case").

Finally, MI misses the mark with its assertion that conditional certification is not warranted because *some* putative class members may have executed collective-action waivers. *See Herrera v. Schlumberger*, No. SA-16-cv-526-FB-ESC (W.D. Tex. Apr. 3, 2017), Dkt. No. 34 (citing *Villatoro v. Kim Son.* Rest., L.P., 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003) *and Barnett v. Countrywide Credit Indus., Inc*. No. CIV.A.3:01-CV-1182-M, 2002 WL 1023161, at

---

[3] *See, e.g., Kibodeaux v. Wood Group Prod*., No. 4:16-CV-3277, 2017 WL 1956738, at *2 (S.D. Tex. May 11, 2017) (conditionally certifying class of drilling consultants, completion consultants, and construction consultants because while the putative class members' jobs varied in skill and by project, "all consultants performed a similar function of supervising the completion of a project by coordinating the efforts of various stakeholders"); *Cruz v. Conocophillips*, 208 F. Supp. 3d 811, 817 (S.D. Tex. 2016) (conditionally certifying a class of project leads whose duties and skills allegedly varied extensively between four distinct disciplines— Pipeline, Subsurface, Facilities, and Instrumentation & Electrical—because while project leads oversaw different types of projects they were each responsible for planning, organizing, and executing defendants' oil and gas related projects); *Donohue v. Francis Servs., Inc*., No. 04-170, 2004 WL 1161366, at *2 (E.D. La., May 24, 2004) ("collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations") (citations omitted).

*2 (N.D. Tex. May 21, 2002)). "This argument does not defeat conditional certification; it only dictates which former employees can ultimately join the suit." *Id.* The fact that the only individual to opt-in to this litigation signed such a waiver, however, is relevant to the Court's last inquiry—whether Plaintiff Smith has sufficiently shown that other similarly situated aggrieved individuals desire to opt-in to this litigation.

*Others Aggrieved Who Would Like to Join the Litigation.* Both Plaintiff and the one opt-in plaintiff have submitted identical declarations attesting they "know that MI's similarly situated current and former production technicians would be interested to learn about their rights and their opportunity to join this lawsuit." D. Smith & G. Smith Decl. ¶ 9. Plaintiff Smith correctly notes several "courts have concluded that the declarations of two aggrieved employees, testifying to a belief that there are others interested in the lawsuit is sufficient evidence to support conditional certification." Repl. at 8 (citing *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513-14 (W.D. Tex. 2015) and *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015)). While such declarations may suffice in certain circumstances, here MI has also produced evidence that opt-in Plaintiff Greg Smith signed a release waiving his right to participate in a collective action. *See* Ex. 4 to Resp. Neither Plaintiff Smith nor opt-in Plaintiff Greg Smith disputes the validity or enforceability of this waiver. A plaintiff-movant's vague statements that others might be interested in learning their rights, especially when coupled with only one consent to join that is likely inadequate, does not sufficiently show other aggrieved individuals desire to opt-in. *See Shaffer v. M-I, LLC*, No. CV H-14-2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (plaintiff's sworn statement that "[he] know[s] that others would be interested to learn that they too may recover unpaid back

wages from MI" combined with one valid consent to join and an inadequate consent to join was insufficient to show that other employees actually want to join the lawsuit).

The Court recognizes that some courts have refused to require such a showing, finding it inconsistent with the broad remedial purposes of the FLSA. *See, e.g.*, *Jones v. Cretic Energy Services, LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015); *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010). In those cases, however, there were at least a few other individuals who validly opted-in to the litigation before conditional certification was granted. *See Jones*, 149 F. Supp. 3d at 769 (nine opt-in plaintiffs); *Villarreal*, 751 F. Supp. 2d at 916 (at least two opt-in plaintiffs). Moreover, the type of "sparse" evidence presented here has previously been singled out. *See Shaffer*, 2015 WL 7313415, at *4.

Ultimately, in light of this lack of evidence and the Court's concerns regarding the national scope of the putative class, the motion should be denied without prejudice to allow the Plaintiff an opportunity to file an amended motion. *See Cantu v. Circle Bar A, Inc*., No. 5:15-CV-468-XR, 2016 U.S. Dist. LEXIS 8646, *4-5 & n.3 (finding that denial of plaintiff's motion for conditional certification without prejudice was the "more pragmatic approach" where plaintiff and one opt-in plaintiff only alleged they "think others would also join" the lawsuit); *see also Shaffer*, 2015 WL 7313415, at *3 (recognizing that "[t]oo much leniency at the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense") (quotations omitted); *John v. Nesco Serv. Co*., No. 4:15-CV-253, 2016 WL 7757388, at *4 (S.D. Tex. Jun. 10, 2016) ("The Court is unwilling to stir up collective litigation where none appears to be warranted.").

### III. Conclusion

For the reasons discussed above, Plaintiff's Motion for Conditional Certification, Dkt. No. 17, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 14th day of August, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE