IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID SMITH, GREG SMITH, | § | |
| *Plaintiffs*, | § | 5-17-CV-00788-FB-RBF |
| vs. | § | |
| M-I, LLC, D/B/A MI SWACO; | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Joint Motion to Approve Settlement Agreement filed by Plaintiffs David Smith and Greg Smith and Defendant M-I, L.L.C. d/b/a/ MI SWACO. *See* Dkt. No. 39. All pretrial matters have been referred to the undersigned for disposition, pursuant to Rules CV-72 and 1 to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. Dkt. No. 10. The Court has federal question jurisdiction; at issue are claims under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq. See* 28 U.S.C. § 1331. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the parties' Motion, Dkt. No. 39, be **GRANTED**.

    **I.**    **Background**

Plaintiff David Smith—a former production technician for MI— initiated this action against MI alleging violations of the FLSA's overtime requirements. *See* Dkt. No. 1. On January 29, 2018, Plaintiff David Smith, joined by opt-in Plaintiff Greg Smith, moved to conditionally certify a class of "[a]ll current and former production technicians employed by [MI] during the

last three years." *See* Dkt. No. 17. The Court, however, denied the motion for conditional certification without prejudice on the ground that Plaintiffs failed to sufficiently make the "modest factual showing" required for national conditional certification or show that other aggrieved individuals desired to opt-in. *See* Dkt. No. 35. Plaintiffs opted not to file an amended motion for conditional certification, and this case has therefore proceeded as an individual FLSA action. The parties have engaged in discovery and have now reached a resolution of their dispute. By the present motion, the parties ask the Court to approve their settlement agreement (filed under seal for the Court's consideration) and dismiss this case with prejudice. *See* Dkt. No. 39; *see also* Dkt. No. 41 (sealed settlement agreement).

## II. Legal Standards

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355). The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval, however, as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" *Id.* (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

The reach of *Martin* and its progeny is unclear. *Martin*'s recognition of a situation in which court approval may not be necessary itself involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA settlement that was negotiated by lawyers prior

to any lawsuit being filed. *See id.* Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay; not substantive FLSA rights themselves (*e.g.*, whether an employee is exempt). *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action). Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Foods* approach, and these courts review FLSA settlement agreements for fairness where parties request an ex-ante review of a settlement negotiated during active FLSA litigation. *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1. Given the ambiguity regarding the reach of *Martin*, given that the parties here are requesting their proposed agreement be reviewed, and finally given that it is still common practice for some district courts in this Circuit to review FLSA settlements, the undersigned will review the parties' proposed settlement for reasonableness in this case.

### III.    Analysis

For the reasons discussed below, the parties' settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

*Bona fide dispute.*    The primary issues in this litigation involve whether Plaintiffs are covered by the FLSA's overtime provisions and, if so, the number of weekly hours over 40 Plaintiffs actually worked. Defendant MI denies all liability, asserting that one or more lawful exemptions apply, including but not limited to the executive exemption, the administrative exemption, the highly compensated employee exemption, the Motor Carrier Act exemption, and the combination exemption. *See* Answ. ¶¶ 22-28. MI has also contested Plaintiffs' assertion that

MI acted willfully so as to trigger the longer three-year statute of limitations, and the parties further disagree as to whether MI acted in good faith and the application of the FLSA's liquidated-damages provision. These contested issues indicate a bona fide dispute among the parties on multiple issues of fact and law.

*Fair and Reasonable Resolution*. The undersigned has independently reviewed the terms of the settlement agreement and concludes that the settlement is fair and reasonable. The settlement agreement was negotiated by experienced attorneys after litigating this case for more than a year; it reflects an arms' length compromise of the disputed claims. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating parties' FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair").

### IV.    Conclusion

Based on the foregoing, the undersigned finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute between the parties over wages allegedly owed to Plaintiffs. **IT IS THEREFORE RECOMMENDED** that the parties' Joint Motion to Approve Settlement Agreement, Dkt. No. 39, be **GRANTED**. Accordingly, this case should be **DISMISSED WITH PREJUDICE**, with each party bearing its own costs.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 26th day of February, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE